### MOBILE & O. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   October 7, 1913.)

No. 1,988.

CARRIERS (§ 37*)—TRANSPORTATION OF LIVE STOCK—28-HOUR LAW—CONSTRUCTION.

Act Cong. June 29, 1906, c. 3594, § 1, 34 Stat. 607 (U. S. Comp. St. Supp. 1911, p. 1341), provides that interstate carriers shall unload stock within 28 hours, except that on written request of the owner or person in custody of the particular shipment, which request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to 36 hours. Held, that while a request for extended confinement as such must be separate from any printed bill of lading, or other railroad form, it is not necessary that such request be written on a virgin sheet; it being effective if in writing at the bottom of a waybill and signed by the shipper.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*

Liability of carrier for failure to feed, water, and rest live stock and for violation of the 28-hour law, see note to St. Joseph Stockyards Co. v. United States, 110 C. C. A. 435.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Action by the United States against the Mobile & Ohio Railroad Company for alleged violation of the 28-hour law. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

Lansden & Lansden, of Cairo, Ill., for plaintiff in error.

William E. Trautmann, of East St. Louis, Ill., and S. M. Clark, of Danville, Ill., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. This writ of error is addressed to a judgment against the railroad company for an alleged violation of the 28-Hour Act of June 29, 1906, 34 Stat. L. 607.

A jury was duly waived, and the only question is one of law upon the stipulated facts.

Kimbrough shipped interstate a car of cattle, which was continuously on the way for more than 28 and less than 36 hours. Failure to unload within 28 hours was not accidental or unavoidable, but was due solely to the right supposed to be given the defendant by the written request of Kimbrough, the shipper, which request was and is in writing and not in print and is at the end or bottom part of the waybill for said shipment and is in these words and figures, namely:

"I hereby grant privilege of running shipment 36 hours for feed, water and rest.                                                             W. M. Kimbrough, shipper."

Section 1 of the act commands the unloading within 28 hours, "provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to 36 hours."

One construction is that the shipper's written request, as a request, shall be separate and apart from any printed bill of lading or other railroad form, as a contract or stipulation between shipper and carrier. Under this construction the legislative intent would be that the request should not be mixed in with the terms of any printed bill of lading or other railroad form, and the shipper thus led unwittingly to sign a stipulation for the longer time, but that the 28-hour limit should be strictly observed unless the shipper freely and deliberately has signed a written request for the extension separately and apart from signing or accepting any other writing between himself and the railroad company. The other construction (and there is no middle ground that we perceive) is that the written request is no protection unless it be upon a piece of paper, or other material, separate and apart from the paper or material upon which appears "any printed bill of lading, or other railroad form." It is a matter of common knowledge that general offices of railroad companies supply the local offices with stationery and blanks all of which are marked as form number so and so. If a shipper's written request should be made upon the margin or back of a paper containing a form of a daily report to the auditor, or form of a letter head, we fail to see how the humanitarian purposes

.of the act would be less subserved than by having the request written upon a virgin sheet. A construction that leads to futility or absurdity should be avoided if possible; and here it easily can, for the wording of the act very clearly, in our opinion, requires the separateness of the request as a request, and not the separateness of the paper or material on which the request is written.

Judgment reversed, with the direction to enter judgment for defendant.